■ JANE PEDREIRA, Appellant, v JORGE PEDREIRA, Respondent. [810 NYS2d 11]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered September 28, 2004, which, inter alia, granted plaintiff-appellant's wife's motion to vacate an income execution claiming arrears of $45,421.60 on condition that she

pay defendant-respondent husband $20,000 within 10 days, unanimously affirmed, without costs.

By order dated December 2, 2003, child support arrears were fixed in the amount of $33,146.89 for the period "August 2002 through October 2003." That order was subsumed in the judgment of divorce dated December 4, 2003 and entered December 10, 2003, directing plaintiff's payment of child support retroactive to August 1, 2002, and affirmed by this Court (17 AD3d 213 [2005], *lv denied* 5 NY3d 716[2005]). After entry of judgment, defendant served on plaintiff by regular and certified mail, a CPLR 5241 income execution, dated January 5, 2004, claiming arrears of $31,080.01. A motion by plaintiff to vacate this income execution was denied by order entered May 19, 2004, from which plaintiff did not appeal. By order to show cause dated June 7, 2004, defendant moved for a second income execution claiming arrears of $45,421.60. This motion was granted on default, whereupon defendant served the second income execution on plaintiff's employer. In the order on appeal, the motion court vacated plaintiff's default, vacated the second income execution on condition that plaintiff pay defendant $20,000 within 10 days, admonished the parties for their unsolicited "copious correspondence" and unclear submissions, and "strongly urged [the parties] to get their financial obligations straight, and not to rely on the court to straighten them out." We reject plaintiff's argument that the motion court should have made a finding on the disputed issue of arrears, and, if the parties' submissions in this regard were unclear, should have conducted a hearing. The order on appeal was merely a payment accommodation. It does not establish a new amount of arrears, which the order of May 19, 2004 fixed in the amount of $31,080.01 for the period August 1, 2002 to January 5, 2004, or preclude further application on the issue of arrears upon a proper record uncluttered by improper correspondence. We reject plaintiff's argument, raised for the first time on appeal, that she was entitled to be personally served with a "petition" seeking an income execution (CPLR 5241 [d]). We note that CPLR 5241 (b) permits a creditor to amend an income execution to reflect additional arrears. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.